Citation Nr: 1708253 
Decision Date: 03/17/17 Archive Date: 04/03/17

DOCKET NO. 10-27 512A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss. 

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Jennifer R. White, Counsel


INTRODUCTION

The Veteran had active military service from October 1972 to January 1974. 
These matters come before the Board of Veterans' Appeals on appeal of a January 2010 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). 

In June 2014, the Board, in pertinent part, denied the claims for entitlement to service connection for bilateral hearing loss and tinnitus. The Veteran appealed the Board's decision to the U.S. Court of Appeals for Veterans Claims (Court). In a September 2015 Memorandum Decision, the Court vacated and remanded the June 2014 Board decision as it pertained to the claims for entitlement to service connection for bilateral hearing loss and tinnitus. The Board remanded the Veteran's claims in March 2016. The case has been returned for further appellate adjudication.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board notes that several pieces of mail, most importantly the August 2016 Supplemental Statement of the Case (SSOC), have been returned to VA as undeliverable. The AOJ must ascertain the Veteran's correct address and send the Veteran a copy of the August 2016 SSOC as well as any other pertinent communications which were returned as undeliverable.

Accordingly, the case is REMANDED for the following action:

1. Ascertain the Veteran's correct address.

2. Mail the Veteran a copy of the August 2016 SSOC, and any other pertinent communications returned as undeliverable, to the correct address.

3. The case should then be returned to the Board, if in order.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).